In the Matter of VICTOR D'ADAMO, an Attorney, Respondent. BROOME COUNTY BAR ASSOCIATION, Petitioner.

Third Department, November 4, 1960.

*Victor D'Adamo,* in person, and *James Dowling* for Victor D'Adamo, respondent.

*Ray T. Hackett,* President of Broome County Bar Association.

*Lawrence O. Waite,* Chairman of Grievance Committee, Broome County Bar Association.

*Wayne M. Davis,* Executive Assistant, Grievance Committee, New York State Bar Association.

*Per Curiam.* On the 8th day of February, 1960, respondent entered a plea of guilty to a two-count information filed against him in the United States District Court for the Northern District of New York, charging him with the misdemeanor of failing to file an income tax return for the calendar years of 1954 and 1955 in violation of section 7203 of the Internal Revenue Code of 1954. The information alleges that respondent received gross income of $22,599.94 and $15,117.48 for the years respectively.

Respondent's answer admitted the allegations of the petition and raised no question of fact, hence the matter was not referred to a Referee. A hearing was held before the court at which the respondent appeared in person and by counsel and conceded the facts but offered extenuating circumstances. The admitted facts constitute a violation of canon 29 and canon 32 of the Canons of Professional Ethics, and constitute professional misconduct. (*Matter of Edelbaum,* 10 A D 2d 64, motion for leave to appeal denied 7 N Y 2d 712; *Matter of O'Donnell,* 10 A D 2d 488.)

It appears that the partnership of which respondent was a member filed partnership returns for the years involved, which are not questioned. Respondent's failure to file individual returns resulted from acute financial distress. There is no evidence of any attempt at concealment or attempt to permanently avoid the payment of the taxes owed. Respondent has never been charged with professional misconduct or any offense. Nevertheless, respondent has failed to live up to the high standard of conduct required of attorneys, and some discipline associated with his profession and in addition to the punishment already imposed in the United States District Court, is indicated.

The respondent should be suspended from practice for a period of four months.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur; REYNOLDS, J., taking no part.

Respondent suspended from practice for a period of four months.